### WARE v. CAMPBELL. (No. 6304.)

(Court of Civil Appeals of Texas. Austin. Feb. 23, 1921. Rehearing Denied March 30, 1921.)

1. Mines and minerals ☞59—Petition for recovery of amount paid for cancellation of oil lease good against demurrer.

Petition for recovery of an amount paid under false representations for cancellation of an oil and gas lease *held* good as against general demurrer.

2. Mines and minerals ☞59—Misrepresentation that defendant oil lessee was in the army one of fact.

Allegation by plaintiff, suing for recovery of an amount paid under false representations for cancellation of his oil and gas lease to defendant, that defendant misrepresented that he was a soldier in the army, he having in fact been previously discharged from the service, *held* not a misrepresentation of law, but one of fact.

3. Evidence ☞135(2)—Testimony defendant lessee made no representations to third persons properly excluded.

In suit to recover an amount paid under false representations for cancellation of an oil and gas lease, testimony of third persons that when defendant obtained leases from them no representations were made except those contained in the contract, which did not provide that defendant should obtain a drilling contract within a specified time, was properly excluded.

4. Mines and minerals ☞59—Peremptory instruction properly refused, where testimony as to false representations conflicted in suit for money paid for cancellation of lease.

In suit by the lessor to recover an amount paid under false representations for cancellation of an oil and gas lease, where there was a conflict in the testimony as to what representations were made by defendant, the trial

court prpoerly refused peremptorily to instruct the jury to return verdict for him.

5. Mines and minerals ☞59—Defrauded lessor held not required to pay for cancellation of lease.

If an oil and gas lease was obtained by fraud, plaintiff lessor should not have been required to pay anything to defendant lessee in order to have the lease canceled, though it was worth at the time more than the amount plaintiff lessor paid defendant lessee for a reconveyance.

6. New trial ☞44(1)—Jury not guilty of misconduct in discussing issues raised by evidence.

In suit to recover an amount paid under false representations for cancellation of an oil and gas lease, where the evidence raised the issues as to whether plaintiff lessor relied on return of the lease contract within 10 days, etc., the jury were at liberty to discuss them, and their doing so did not constitute misconduct, and the trial court properly refused to hear evidence in support of defendant's motion for new trial as to such discussions by the jury.

Appeal from Coryell County Court; R. B. Cross, Judge.

Suit by R. L. Campbell against Bennie B. Ware. From judgment for plaintiff, defendant appeals. Affirmed.

Mears & Watkins, of Gatesville, for appellant.

H. E. Bell, of Gatesville, for appellee.

JENKINS, J. Appellee brought suit against the appellant for the recovery of $300, upon substantially the following allegations: That on or about April 12, 1918, appellee executed to appellant an oil and gas lease, upon certain land owned by appellee, and that the same was obtained by means of false and fraudulent representations, in this, that appellant represented that he desired a lease upon the land of appellee, and upon the lands of others contiguous thereto, for the purpose of testing the lands in that neighborhood for oil, and that he was about to secure, and would secure, if he could obtain said leases, a drilling contract, by which said test would be made, and that he could and would obtain such drilling contract within 10 days, or, failing to do so, that he would return appellee's lease; that the representations by appellant were false, but that appellee believed the same to be true, and relied thereon, and, in consideration of said representations, executed such lease; that on or about the 27th of March, 1919, appellant having failed to secure such drilling contract, appellee sought to have said lease returned or canceled; that appellant at said time represented that he was then a soldier in the United States army, by reason of which appellee could not maintain

an action against him for the cancellation of said lease; that appellee believed said representation, and, in order to secure the return of such lease, paid to the appellant the sum of $300; that said representation was false, and known by appellant to have been false at the time same was made; that in fact appellant had then been discharged from the army, and was not at the time on a furlough, as he represented the fact to be. Appellant filed a general demurrer to plaintiff's petition, which was by the court overruled, and upon such action of the court error is assigned.

[1] The petition was good as against general demurrer, and the court did not err in overruling the same.

[2] Appellant insists that his exception as to the allegation of appellant being a soldier should have been sustained, because the misrepresentation, if any, was one as to law. This is not correct. There was no dispute as to the law in the case. Appellee's allegation was that appellant misrepresented the fact as to his being a soldier in the army; he having been previously discharged from the service.

[3] The court did not err in excluding the testimony of Sam Weaver and of Arthur Yowes, to the effect that when appellant obtained leases from them no representations were made, except those contained in the contract, which did not provide that appellant should obtain a drilling contract within a specified time. No representations were made to appellee as to the nature of the contract with these parties, and they were not present when the contract was made with appellee. The fact that appellant did not represent to these parties that he would obtain a drilling contract within a specified time was no evidence that he did not make such representation to appellee.

[4] There was a conflict in the testimony as to what representations were made by appellee, in order to obtain the lease from appellee, for which reason the court did not err in refusing to peremptorily instruct the jury to return a verdict for appellant.

[5] Appellant insists that the case should be reversed for the reason that the evidence shows that, at the time appellee paid appellant $300 for a reconveyance of the lease theretofore executed by appellant to appellee, such lease was worth more than the sum of $300. If the lease was obtained by fraud, appellee should not have been required to pay anything in order to have the same canceled, and the fact that it was worth at that time more than the sum of $300 is immaterial.

[6] Appellant, in his motion for a new trial, alleged that—

The jury, in deliberating upon their verdict, "discussed that they did not believe that the plaintiff relied upon a return of said lease contract within 10 days, and that said lease contract recited the true considerations entered into at the time, but that they believed the defendant, Bennie B. Ware, agreed to put said lease contract up in escrow, together with other lease contracts obtained in said community, and that the said Bennie B. Ware was to hold said lease contracts in escrow until a drill contract had been made before the same were to be placed of record in the deed records of Coryell county, Tex.; that the act of the said Bennie B. Ware, in placing said lease contracts of record something like three months after its execution, was a fraud on this plaintiff, and thereby made him liable for damages under his cause of action herein; that, reaching this conclusion, the jury erroneously returned a verdict against this defendant."

The evidence raised these issues, and the jury were at liberty to discuss them, and their doing so, if they did, did not constitute misconduct on their part. For this reason the court did not err in refusing to hear evidence to sustain this allegation.

The trial court appended the following explanation to appellant's bill of exception in regard to this matter:

"Jurors were not permitted to testify as to what occurred in the jury room during their consideration of this case, for the reason that the motion for a new trial did not allege any misconduct on their part that counsel for defendant, in response to a question from counsel for plaintiff, stated at the time said motion was presented to the court that he did not seek to show misconduct of the jury. This being the only matter which authorized me to have conduct inquired into, and not being alleged, the motion and request was overruled."

The case was submitted to the jury upon a general charge of the court, in which the jury were instructed that, unless they found that both allegations of fraud were sustained by the evidence, that is to say, that the lease was originally obtained by reason of fraudulent representation, and that appellee paid appellant $300 for the cancellation of said lease, upon the fraudulent representation that appellant was then in the service of the United States, they would return a verdict for the defendant; and also that, if plaintiff could have ascertained the falsity of such representation by the use of ordinary diligence, the verdict should be for the defendant; and, further, that the burden was upon plaintiff to prove the allegations in the petition by a preponderance of the evidence. The jury returned a verdict for appellee for the sum of $300, and judgment was rendered accordingly.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.