### STOCKWELL v. SNYDER et al.
### No. 8821.

Court of Civil Appeals of Texas. San Antonio.

April 27, 1932.

Rehearing Denied June 22, 1932.

Greenwood & Lewis, of Harlingen, for plaintiff in error.

Davenport, West & Ransome, of Brownsville, for defendants in error.

COBBS, J.

Plaintiff in error, herein styled plaintiff, filed this suit in the district court of Cameron county, alleging an agreement with defendants in error, called defendants herein, in 1925, to grow a citrus orchard, nursery stock, and farm crops on lands now used for this purpose on the 200-acre Snyder farm in La Feria grant, in Cameron county, Tex., and alleging that the plaintiff, during the period of the contract, was to receive one-fourth of the profits from the operation of the Snyder farm, and in addition thereto was to receive a salary of $200 per month, it being contemplated that the operation should extend over a period of ten years; that a written contract was drawn and executed by the plaintiff, and defendants agreed to execute the same, but never did return the contract to plaintiff; that plaintiff was a skilled nurseryman of more than thirty years' experience and having the general supervision of the nursery and orchard until December 1, 1930, when defendants sought to discharge the plaintiff and converted plaintiff's interest in the nursery and the orchard then growing, and failed and refused to make a proper accounting of profits and losses up to that date. Plaintiff alleged the value of the 90-acre orchard developed under his supervision at $90,000; alleged 60,000 sweet nursery trees growing in the nursery were worth $60,000; that the 40,000 large sour orange seedlings were worth 10 cents each, and the 30,000 small seedlings worth 5 cents each; and that plaintiff was entitled to one-fourth of all the profits to date from the nursery and one-fourth the value of the nursery stock on hand and one-fourth of the increase in value in the orchard as a result of plaintiff's services, or, in the alternative, one-fourth of the probable values during the period of the contract, less expenses.

Plaintiff sought a full and complete accounting and payment accordingly, and in the alternative sought judgment for damages by way of conversion.

Defendant answered by general demurrer and general denial, and by special answer pleaded the statute of frauds; that the contract included technical advisor in developing the nursery and orchard; that the plaintiff was to receive one-fourth of the net profits from the farm; that the $200 per month was an advancement and not a salary as contended by the plaintiff, but the plaintiff was to receive $200 per month whether the net profits amounted to that much or not; that the defendant reserved the right to terminate plaintiff's services at any time; that defendant did terminate plaintiff's contract about December 1, 1930, after paying plaintiff $200 per month up to November 1, 1930; that the entire operation had shown a net loss, and, if any profit was made in the transaction, it was represented by the nursery stock then growing in the nursery.

Defendant filed a motion to have an auditor appointed to state the accounts between the parties, which motion plaintiff contested. The motion was granted, and the court appointed Cobb & Co., at Harlingen, to prepare such official audit, and the same was made and received and is on file with the papers of the case. Plaintiff filed exceptions to the official audit, and defendants filed their exceptions to said audit.

The cause was tried before a jury upon special issues, and upon motion of defendants the court entered judgment on the verdict that the plaintiff take nothing. Plaintiff filed motion to set aside the verdict of the jury, alleging that same was contrary to the uncontroverted evidence on the value of the Snyder farm and orchard on December 1, 1930, on the value of the 60,000 sweet nursery trees on December 1, 1930, on the value of the 40,000 sour orange seedlings on December 1, 1930, and on the value of the 30,000 sour orange seedlings on December 1, 1930. Plaintiff also alleged irregularities in the jury, in that several of the jurors testified as to the market value of sour orange seedlings, and other errors in the admission and exclusion of testimony. Plaintiff filed writ of error to this court.

■ The motion for new trial alleging misconduct of the jury is insufficient as a matter of law to show misconduct. Statements of a juror in the jury room, unaccompanied by a showing that the statements influenced any juror in his verdict, and unaccompanied by any showing as to whether that statement was made before or after the answering of any one or more of the issues submitted, is insufficient as a matter of law to show misconduct.

■ The use of arbitrary or illogical reasons by a jury in reaching a verdict does not constitute misconduct, and is not subject to review. The jury's answers to special issues 4, 6, 8, and 18, are supported by ample testimony, and are not subject to review.

■ All items in an official audit to which exception has been directed by either party are of no probative force to go to the jury; hence the court's action in refusing to permit plaintiff to argue to the jury the contents of the official audit as to contract between the parties was proper.

■ After the court had permitted plaintiff to offer in evidence the two Hillgardner audits tending to show that the payments to Stockwell were shown as salary, defendants were properly permitted to show by the Maceo audit that in 1925 Stockwell's compensation was shown as a drawing account.

■ The evidence offered by plaintiff and excluded by the court is not a part of the

Maceo audit, but is an excerpt from the letter from J. R. Maceo & Co. to J. S. Snyder & Son attached to the audit, and clearly hearsay. It was inadmissible.

■ Plaintiff's proposition XI and assignment thereunder cannot be considered, for there is no bill showing the excluded testimony.

Plaintiff's propositions XII and XIII and assignments cannot be considered, for they are not supported by the record.

■ Plaintiff's proposition XIV and the assignment on which it is based are each duplicitous, in that they complain of the court's action in refusing to hear evidence on the excepted items in the official audit, and the court's action in refusing to require defendants to produce documentary evidence within their possession. There is no bill showing what the excluded evidence was. The notice to produce was properly disregarded. It included inadmissible as well as admissible evidence, and it was too indefinite to apprise defendants of the admissible evidence requested.

It was proper as a matter of law for the court to refuse to permit the jurors to be interrogated as to their actions in the jury room, under the record herein. Milwaukee Mechanics' Insurance Co. v. Frosch (Tex. Civ. App.) 130 S. W. 600; Phillips v. Railway Co. (Tex. Civ. App.) 281 S. W. 1104; Galveston, H. & S. A. Railway Co. v. Bosher (Tex. Civ. App.) 165 S. W. 93; Ware v. Campbell (Tex. Civ. App.) 229 S. W. 593; Jacobsen v. Van Syckel et al. (Tex. Civ. App.) 248 S. W. 124.

The motion for new trial and the affidavits attached are set out in the brief. There is nothing stated or shown that any of the jurors were influenced by the statements. If all the allegations were proved, as set out, they could not constitute misconduct, and the court properly refused to permit the jurors to be interrogated as to their actions in the jury room.

The jury found sour orange stock ready to bud to be worth two cents per tree, and sour orange stock not ready to bud one cent per tree. The official audit shows a loss on the nursery operations of $30,425.34, or, as revised by the auditor, $6,830.91; on the farm operations a loss of $1,104.01, revised to a profit of $3,518.92; on the orchard operations a loss of $14,190.32, revised to $14,100.-32. The official audit shows that Stockwell received $13,431.96 from the enterprise, of which $13,215.11 is charged as advances or salary.

A statement in the jury room by a juror, of the price at which he could buy nursery stock, unaccompanied by any showing that this statement influenced any juror in his verdict, and unaccompanied by any showing as to whether that statement was made before or after the answering of any one or more of the issues submitted, is insufficient as a matter of law to show misconduct.

The bills of exception wholly fail to show any possible harm done, and fail to show that any one was influenced thereby; and they do not show at what particular time the statements were made.

The use of arbitrary or illogical reasons by a jury in reaching a verdict does not constitute misconduct, and is not subject to review. Ross v. West Texas Utilities Co. (Tex. Civ. App.) 281 S. W. 641.

It is held in Hill v. Dons (Tex. Civ. App.) 37 S. W. 638: "An auditor's report is conclusive as to the items not excepted to, and as to items excepted to it is of no force whatever, and such items have to be established as any other fact in the case by evidence aliunde the report."

There are a number of bills of exception in the case, but none purports to set out the testimony rejected by the court on plaintiff's tender. Plaintiff offered no testimony with reference to any of the disputed items, and the record does not disclose as to what such testimony would have been, or the nature of it. Plaintiff's propositions XIV and XV are overruled.

■ Plaintiff can always issue a subpœna duces tecum where the evidence is within the jurisdiction of the court, as was the case here, or can give notice to produce and offer secondary evidence. But no subpœna was issued in this case, in that the plaintiff was either unable or unwilling to describe the evidence desired. The notice to produce was defective for the same reason, in that it was all inclusive and was insufficient, even as a basis for the introduction of secondary evidence. The main documentary evidence inquired about, to wit, the diary in which all accounts were entered, was tendered to the plaintiff by the witness C. F. Snyder, and no use of it was made by him. In fact, as soon as the tender was made, plaintiff's attorney immediately began questioning the witness about other things. For that reason there is no error reflected by plaintiff's fifteenth proposition and assignment on which it is based.

We have read and considered all the questions set out in the able and elaborate brief of plaintiff, but find no reversible error shown. It is largely a fact case, tried before a jury, and the judgment of the court is affirmed.