W. A. STOCKWELL V. J. S. SNYDER ET AL.

No. 6358. Decided July 17, 1935.
(84 S. W., 2d Series, 705.)

*Greenwood & Lewis,* of Harlingen, for plaintiff in error.

The trial court should have permitted jurors to testify as to misconduct of jury and should have granted the motion to set aside the verdict and grant plaintiff a new trial. Giles v. Tyson, 13 S. W. (2d) 452; Estep v. Bratton, 24 S. W. (2d) 465; Kennard v. Kennard, 26 S. W. (2d) 336.

*Davenport, West & Ransome,* of Brownsville, for defendants in error.

Motion to set aside verdict was insufficient as a matter of law and court should not permit the jurors to testify as to misconduct. Jacobsen v. Van Syckel, 248 S. W., 124; Ware v. Campbell, 229 S. W., 593; Phillips v. Texas & Pac. Ry. Co., 281 S. W., 1104.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This suit grew out of an agreement between W. A. Stockwell, plaintiff in error, plaintiff below, and J. S. Snyder, C. F.

Snyder and J. S. Snyder & Son Nurseries, defendants in error, and defendants below. The alleged contract relates to the employment of Stockwell by J. S. Snyder on behalf of the Nurseries of which he was the principal owner, to grow a citrus orchard, nursery stock and farm products on the Snyder farm. Plaintiff contends he was employed on the basis of a monthly salary plus an interest in the net profits of the business, while defendants contend that he was to receive as compensation a part of the net profits, and that the monthly payment agreed upon was by way of a drawing account against the profits. Plaintiff prayed for a complete accounting of the business extending over a period of years, for damages, and for the appointment of a receiver. Trial was by the court with a jury. The court rendered judgment on the findings in favor of defendants. The Court of Civil Appeals affirmed the judgment. 51 S. W. (2d) 812. Writ of error was granted on the assignment alleging misconduct of the jury.

In the motion to set aside the verdict plaintiff alleges that two of the jurors gave testimony in the jury room, naming the nursery and price at which sour orange seedlings and other nursery stock could be bought; that the testimony influenced the verdict of the juror Parr, and was calculated to influence other jurors. Attached to the motion is the affidavit of the juror Parr in which he states that two members of the jury made statements with reference to the valuations of the nursery stock involved and that "one of the jurors, a heavy-set man, stated that sour orange seedlings could be bought at a nursery on the highway near LaFeria for one cent each." He states also that he is not familiar with the nursery business and with valuations of nursery stock. The only testimony adduced on the trial as to the value of the seedlings was much higher than that stated in the affidavit, but the finding of the jury as to the market value of sour orange seedlings is in accordance with the price named in the affidavit. Plaintiff tendered certain of the jurors as witnesses to be examined in support of the allegations of misconduct but the court refused to hear the testimony and overruled the motion. Article 2234 R. S., 1925, reads:

"Where the ground of the motion is misconduct of the jury or of the officer in charge of them, or because of any communication made to the jury or that they received other testimony, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such

misconduct proved, or the testimony received, or the communication made, be material."

The communications alleged to have been made in the jury room are material, and the court erred in not hearing the testimony of Parr and the other jurors that were proffered as witnesses. Casstevens v. Texas & P. Ry. Co., 119 Texas, 456, 32 S. W. (2d) 637; Dallas Ry. & Terminal Co. v. Garrison (Com. App.) 45 S. W. (2d) 185. If after the court had heard the testimony it was reasonably doubtful upon a consideration of the case as a whole that the improper conduct affected the verdict, it would have been his duty to set it aside. It is not necessary in order to establish such misconduct as requires the verdict to be set aside that there be direct testimony that the jurors were influenced by the improper statements.

■ The trial court upon motion of the defendants ordered an official audit of the books kept by the defendants. Complaint is made of the refusal of the court to permit plaintiff to inquire into, or discuss in his argument to the jury, certain items of the official audit that had been excepted to. Such refusal was error.

It is stated in Kempner v. Galveston Co., 76 Texas, 450, 13 S. W., 460, that the items of an account in an auditor's report not excepted to are conclusive, but that as to such as are excepted to, the report is without effect. In Eagle Mfg. Co. v. Hanaway, 90 Texas, 581, 40 S. W., 13, a statement with reference to the items excepted to is explained. Judge Brown, speaking for the court, says:

"The language 'but as to such as are excepted to the report is without effect' was intended to express simply the effect given to the report by the trial court below, which was to disregard it upon the items excepted to, and as to which sufficient evidence had been introduced to raise an issue thereon. The question embraced in this portion of that opinion is not involved in this case as submitted to us, and we have thus examined it for the purpose of showing that the language upon which reliance is placed to sustain the position that an exception sets aside the report of an auditor was not intended, and, upon a careful examination of the opinion, cannot be understood, to assert that doctrine. Such a rule would enable either party to set aside and annul the finding of an officer appointed by the court under the authority of law. The object of the statute would thus be defeated, and the benefits which are intended to be derived by submitting to an auditor com-

plicated questions of fact would be lost to parties litigant."

In the course of the opinion Judge Brown quotes what is now a part of Article 2292, R. S., 1925, and construing the quoted portion says:

"By the terms of this statute, the report of an auditor, when excepted to, is admissible as evidence, and, being admissible, is to be considered by the court or jury, but it may be contradicted by evidence offered by either party; that is, the report so made, when excepted to, is prima facie proof of the facts stated in it, and, if not contradicted by evidence offered by either party, will support a judgment in accordance therewith," citing Whitehead v. Perie, 15 Tex., 7; Kendall v. Hackworth, 66 Tex., 506, 18 S. W., 104; Dwyer v. Kalteyer, 68 Tex., 559, 5 S. W., 75; Phillips v. Cornell, 133 Mass., 546; Bellows v. Woods, 18 N. H., 305; Knowlton v. Tilton, 38 N. H., 257, and Lacassagne v. Chapuis, 144 U. S., 119, 12 Sup. Ct., 659."

The official audit was in evidence for all purposes, and counsel should have been permitted to inquire into and discuss the effect of it, and offer additional evidence upon the items duly excepted to.

■ Error was committed also in the admission of evidence of a part of the private audit made for defendants by J. R. Maceo & Co. It was hearsay as to the plaintiff, and the particular part objected to was self-serving as well. Nor was the private Hillgardner audit made at the instance of defendants admissible over their objections as an admission against interest, in the absence of proof of ratification by them. None of the private audits was admissible over objections for any purpose and the court did not cure the error so restricting the purpose of admission that they could be construed by the court only. It does not appear that the books of the defendant were too voluminous to be brought into court, and if plaintiff desired any information reflected by them other than that disclosed by the official audit, the process of the court was available to him to have them brought into court for inspection.

Several of the assignments of error alleged that the verdict of the jury is contrary to the evidence and contrary to the uncontroverted evidence on certain designated issues; also that there is no evidence in the record to support the findings of the jury upon certain of the issues. In view of another

trial it is not necessary to discuss the evidence in connection with any of these assignments.

The judgments of the trial court and Court of Civil Appeals are reversed and the case is remanded.

Opinion adopted July 17, 1935.