### BAKER et al. v. BISHOP.
### No. 10218.

Court of Civil Appeals of Texas. San Antonio.

Jan. 19, 1938.

Rehearing Denied Feb. 23, 1938.

Hawthorne Phillips, of Harlingen, for plaintiffs in error.

Brown & Criss, of Harlingen, for defendant in error.

SLATTON, Justice.

W. A. Stockwell filed suit in the district court of Cameron county against J. S. Snyder. After a jury trial Snyder prevailed. Upon appeal this court affirmed the judgment. Stockwell v. Snyder et al., Tex.Civ.App., 51 S.W.2d 812. The Supreme Court granted writ of error, and upon hearing reversed and remanded the cause to the district court. Stockwell v. Snyder et al., 126 Tex. 6, 84 S.W.2d 705. No motion for rehearing was filed by Snyder; no mandate was applied for within twelve months. About fifteen months after the decision of the Supreme Court, Snyder, through his counsel, procured a certificate from the clerk showing the date of the decision and that no mandate had been issued, and that the time had elapsed for the issuance of such mandate, and applied to the district court for a dismissal.

Stockwell had filed in the trial court two cost bonds which he signed as principal. P. G. Greenwood and Sam J. Baker signed one bond as sureties, and P. G. Greenwood and W. B. Lewis signed the other bond as sureties. J. J. Bishop, district clerk, moved by intervention for costs which had accrued in the cause.

The trial court on the 14th day of November, 1936, entered judgment dismissing the cause at plaintiff's cost and the sureties on the cost bonds, jointly and severally. The sureties bring the case here by writ of error.

Plaintiffs in error complain of the action of the trial court in adjudging the costs which had accrued in the cause against them. On the question presented, in Texas Jur. vol. 11, p. 240, § 8, it is said: "Where the plaintiff's cause is dismissed in the lower court upon his failure to secure a mandate from the appellate court within the required time, the costs of the lower court should be taxed against him."

This court, in passing upon the same question here presented, speaking through the late Justice Fly, said: "The law is imperative, and the court did not err in dismissing the cause from the docket, and in taxing the costs of the court against appellant." Watson v. Mirike, Tex.Civ.App., 73 S.W. 986.

It follows, from what we have said, that the judgment of the trial court should be affirmed at the cost of plaintiffs in error. It is so ordered.