**FREEDMAN PACKING CO. et al. v. HARRIS et al.**

**No. 11314.**

Court of Civil Appeals of Texas. Galveston.

March 12, 1942.

Rehearing Denied March 26, 1942.

Sewell, Taylor, Morris & Connally, Ben Connally, Baker, Botts, Andrews & Wharton, and Albert P. Jones, all of Houston, for appellants.

Vinson, Elkins, Weems & Francis and Frank G. Dyer, all of Houston, for appellees.

CODY, Justice.

This suit was brought in the District Court of Harris County to recover damages for the death of Ferris C. Harris and for injury to an automobile. From a verdict and judgment in favor of Mrs. Elizabeth Harris for $18,621, and in favor of Ferris C. Harris, Jr., for $3,000, defendants appeal.

Appellants predicate their appeal upon eight points, claiming error on the part of the trial court, in substance, as follows:

1. In refusing to permit proof of the jury misconduct alleged in the amended motion for new trial;

2. In striking down paragraph 51 of the amended motion for new trial, alleging jury misconduct, on the ground that it was vague and indefinite;

3. In striking down paragraph 52 of aforesaid motion, alleging jury misconduct as being vague and indefinite;

4. In refusing leave to file affidavits showing why the names of the jurors alleged guilty of misconduct could not be alleged in aforesaid motion, though tendered sixteen days before the hearing thereon;

5. In permitting counsel to appeal to the jurors to award damages based upon their personal experiences as fathers;

6. In overruling objection that the charge permitted recovery of double damages by the minor plaintiff, the jury being instructed to consider "support and maintenance, education and advice";

7. In permitting recovery for damages to the automobile;

8. In awarding to Mrs. Harris all damages to the automobile.

Appellants' first four points all relate to the complaint that the court refused to hear proof of jury misconduct alleged in paragraphs 51 and 52 of the amended motion for new trial. In this connection it is proper to state that said paragraphs were by appellants' attorney, Mr. Jones, duly verified.

Paragraph 51 of the motion for new trial reads: "Because the jury * * * was guilty of misconduct * * *, in that * * * one or more of the jurors did state in the presence and hearing of the other jurors that the defendants were likely covered by liability insurance, and did state in substance that it was probable that the defendants in said cause would not have to pay any judgment which might be rendered therein, and that said question of insurance was freely discussed by and between the jurors while considering their verdict."

Paragraph 52 of the motion reads: "Because the jury * * * was guilty of misconduct * * * in that * * * it was stated by one or more of the jurors in the presence and hearing of the other jurors that a portion of the recovery awarded to the plaintiffs would have to be paid by the plaintiffs to their attorneys as attorneys' fees, and that the plaintiffs would not be entitled to receive all of the amount so awarded to them by the jury in their verdict, and that the amount of such verdict should, therefore, be increased and enlarged for this reason."

Appellees' counsel filed the following exceptions to paragraphs 51 and 52:

"Plaintiff excepts to paragraph 51 of said motion for new trial * * * because said allegations are vague, uncertain and indefinite in that nowhere in said paragraph, or in said motion, is plaintiff advised of the name or names of the jurors alleged to have been guilty of misconduct, or the name or names of the jurors who heard insurance discussed, and for this reason this plaintiff cannot properly ascertain from said jury the facts concerning the matters alleged, and cannot properly prepare her defense to said motion.

"Plaintiff excepts to paragraph 52 of said motion for new trial * * * because said allegations are vague, uncertain and indefinite in that nowhere in said paragraph, or in said motion, is plaintiff advised of the name or names of the jurors alleged to have been guilty of misconduct, or the name or names of the jurors who heard attorneys' fees discussed, and for this reason this plaintiff cannot properly ascertain from said jury the facts concerning the matters alleged, and cannot properly prepare her defense to said motion."

These paragraphs were also excepted to because they were only supported by affidavit of counsel, and unsupported by an affidavit of a juror.

Sixteen days before the hearing on the motion itself, the foregoing exceptions thereto were heard. At that time appellants tendered certain affidavits to show why the jurors alleged to have made the statements claimed to be jury misconduct could not be named. The affidavits were made by Albert P. Jones and Ben Connally, attorneys for appellants, and an investigator employed to secure written statements from the jurors.

The affidavits of said attorneys stated in substance that immediately after the jury was discharged they asked juror C. T. Addison if there had been any discussion of the probability of defendants being covered by insurance, or if anything was said about attorneys' fees which plaintiff might have to pay, and that said juror stated that the matter of insurance had been discussed by the jury in considering their verdict, that he heard what was said about it, and that such statements were made in the hearing of the other jurors and apparently all the other jurors heard it, that the statements were made while the issue relating to the damage sustained by plaintiffs was under consideration; that before the discussion about insurance some jurors had favored returning a verdict of $15,000, and others agreed to $21,000, which was written down as the verdict to said special issue. Said juror said something was said about part of plaintiff's recovery would have to be paid to their attorneys, but was not certain what was said.

That said juror could not name the jurors who made the particular statements, nor those hearing them, because he was not personally acquainted with them, and didn't know their names.

The affidavit further stated that affiants attempted to contact the other jurors, but each one refused to state what had transpired in the jury room, having been cautioned by a representative of plaintiffs' counsel not to talk to anyone about the case, and, affiants failing to secure sworn statement from the jurors, employed an investigator to try to do so.

The investigator's affidavit would but extend the length of this opinion. In material substance it relates that he saw all the jurors, and eight of them wouldn't give any information, three others, he said, were very guarded and uncommunicative, and the statement of the fourth juror, Addison, was in line with his statement reported in the Jones-Connally affidavit, but more detailed.

The court sustained the aforesaid special exceptions, refused to permit the filing of the proffered affidavits, or to consider them, and ordered paragraphs 51 and 52 stricken from the amended motion for new trial. It will be borne in mind that this case was tried before the new rules of practice and procedure became effective. What is said hereafter has no reference nor application to the new rules, or the situation subsequent to their effective date.

■ Harris County civil district courts operate under the practice and procedure provided by R.S.Article 2092, Vernon's Ann. Civ.St. art. 2092, and the Supreme Court has held that in order to expedite the disposition of trials Subdivision 29 of said Article must be construed to limit the number of times a motion for new trial can be amended to one time. Independent Life Ins. Co. v. Work, Dist. Judge, 124 Tex. 281, 77 S.W. 2d 1036. At the time the special exceptions were filed, defendants had already

filed their First Amended Motion for New Trial, consequently their right to amend had been exhausted. The court below evidently considered if he permitted the affidavits to be filed, or if he considered them, that he would be violating the ruling of the Supreme Court in the Work, Dist. Judge, case, supra. Therefore, when defendants could not amend in order to comply with the court's ruling sustaining the special exceptions to paragraphs 51 and 52 because they had amended once, the court ordered said paragraphs stricken.

The effect and office of the special exceptions levelled by plaintiff at defendants' paragraphs 51 and 52 was to call on defendants to furnish plaintiff a bill of particulars with reference to what defendants intended to prove and by whom, with respect to said paragraphs. If plaintiffs were entitled to such information as a matter of absolute right, and if the only lawful way defendants could give notice of what they would prove (or explain why they could not give the particulars demanded) was by means of amending their already amended motion, then the action by the trial court striking said paragraphs was correct. The Supreme Court has never ruled on the point, so we are free to consider the point on its merits.

At common law jurors would not be heard to impeach their verdict. As late as 1902 our Supreme Court stated in St. Louis S. W. Railway Co. v. Ricketts, 96 Tex. 68, 71, 70 S.W. 315, 317: "* * * this court has adopted the broad rule that jurors will not, in civil cases, be allowed to attack their verdict by setting up misconduct, irregularities * * * of themselves and their fellows occurring in the privacy of their deliberations; and this seems to us to accord with the great weight of authority. * * * A modified rule is prescribed by the Code of Criminal Procedure for criminal cases, but the legislature has never seen fit to alter the rule enforced by this court in civil cases from the beginning." In 1905 the Legislature did see fit to change the common law rule by enacting R.S.Article 2234, reading in part: "Where the ground of the motion is misconduct of the jury * *. * the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved * * * be material." Though it is thus provided that jury misconduct claimed to have occurred in the privacy of the jury deliberations can be raised in a motion for a new trial, and when so raised evidence must be heard thereon, the statute thus changing the common law rule did not undertake to regulate how misconduct should be alleged or pled. Having provided that it shall be raised in the motion for new trial, the inference is that the allegations relative thereto shall meet the standard of other allegations of claimed error contained in the motion. A motion for new trial when founded upon matters extrinsic the record should be supported by an affidavit or affidavits clearly setting out the facts constituting the alleged misconduct, or disclose a reasonable explanation why such affidavits could not be secured. Robertson v. Humble Oil & Refining Co., Tex.Civ.App., 116 S.W.2d 820, and authorities therein cited. Rule 67, District and County Court Rules (effective prior to Sept. 1, 1940), reads: "Each ground of a motion for new trial or in arrest of judgment shall briefly refer to that part of the ruling of the court, charge given to the jury, or charge refused, admission or rejection of evidence, or other proceedings which are designed to be complained of in such way that the point of objection can be clearly identified and understood by the court." Also see Rule 68 (Id.) for illustrations of grounds too generally expressed to be considered.

Article 1844, R.S. 1925, Vernon's Ann.Civ.St. art. 1844, provides that all errors not distinctly specified are waived, but that an assignment shall be sufficient which directs the attention of the court to the error complained of.

Now if the allegations of paragraphs 51 and 52 had not been stricken and had been proved, the verdict of the jury here involved would have been no verdict at all. And these allegations (to borrow the nomenclature of pleading) were certainly good against a general demurrer. To invoke the jurisdiction of, and impose the duty upon the court to hear evidence of misconduct, it was only necessary for defendants to charge jury misconduct by allegations in their motion which were sufficient against general demurrer. On the other hand, plaintiff was as deeply concerned to sustain the verdict as defendants were to destroy it. Jury misconduct is

readily suspected by a losing litigant, and is easily charged in terms which will stand against a general demurrer. The only remedy against "fishing expeditions" where misconduct is charged, is to require that, by affidavits, the movant shall prove his good faith, and, by particularizing, demonstrate that his allegations of misconduct are based upon knowledge and not suspicion or hope. The right of the plaintiff in this case to have the court sustain special exceptions to general allegations was limited only by the trial court's discretion and the defendants' rights.

In formal pleadings by a plaintiff or defendant in a cause of action involving vested rights, a court will not require an impossibility of a pleader, it will not require a pleader to furnish information not in his knowledge or reach. Caldwell v. Haley, 3 Tex. 317; 49 Corpus Juris, 737; and see Russell v. Industrial Trans. Co., 113 Tex. 441, 251 S.W. 1034, 1037, 258 S.W. 462, 51 A.L.R. 1. In this instance defendants could not furnish the names of the jurors making the statement about insurance and the matters related in the affidavits tendered to the court. The affidavits explained that this could not be furnished, because plaintiff through her counsel had advised the jurors not to talk. The very reason which justified the enactment of Article 2092, the densely populated condition of Harris County with the resultant heavy litigation and the consequent tendency to congestion in the court's dockets, renders it highly likely that jurors will not be acquainted with each other, or know one another's names. It was no part of the burden of plaintiff to see each of the jurors and advise them not to talk about anything which occurred in the jury room. But having assumed this burden of contacting each juror, her counsel was in as good a position to learn the facts, if any, about the misconduct and the names of the juror or jurors affected, if any, as were defendants. Certainly such information, if correct, was as available to plaintiff as to defendants, though it was not to her interest and no part of her duty to assist in making it available.

Now plaintiff had no vested right in the verdict or judgment based thereon, and could acquire no such vested right until the term, as to this case, had terminated. The alleged defect in the verdict, which, if it existed, attached to the judg-ment, could be reached by a mere motion addressed to the court, provided it was proved to the court, who functions as a jury in trying the issue of jury misconduct. Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W. 2d 770-773. Certainly the movants will be held to no higher standard of pleading than would be a plaintiff in a cause of action, and we think that, in view of the fact that the Legislature provided for the question of jury misconduct to be raised in a motion for new trial, and the fact that the evidence relating thereto is equally available to both parties, the allegations relating thereto in the motion for new trial are not required to be any more specific than is necessary to demonstrate that they proceed from knowledge, and not from suspicion. In any case, no such particularity can be required as would defeat the object of Article 2234.

The tendered affidavits partook of the nature of pleadings in the sense that a bill of particulars partakes of the nature of pleadings. (It sometimes happens that affidavits are tendered in appellate courts to supply information which has become material in the case subsequent to the time for filing the completed record has passed.) At the time the exceptions were filed, as stated above, the first amended motion for a new trial had been filed, so that the record in the case, so far as concerned said motion, had been completed, and said motion could not be further amended, so as to offend against the ruling in the Work, Dist. Judge, case, supra. By ordering paragraphs 51 and 52 stricken from the motion, the court itself, in a manner of speaking, ordered the amended motion thus to be further amended after time for amending had passed. The following authority gives another reason why such action may be considered erroneous: "The refusal of the court to permit the filing of such motion [for new trial] and to act upon same would in many respects and instances prevent a party from perfecting his record, so as to properly present to the appellate court the errors of which he complains, because upon appeal the motion for new trial constitutes in some instances the assignments of error." Cooney v. Isaacks, Tex.Civ.App., 173 S.W. 901, 904. If the court, therefore, had not ordered the amendment of the motion, by ordering paragraphs 51 and 52 stricken therefrom, these paragraphs would have been in the motion when the same was heard. The court would then have been

in the position of declining to hear evidence, upon allegations of misconduct which were good, at least as against a general demurrer. In the case of Stockwell v. Snyder, 126 Tex. 6, 84 S.W. 2d 705, in an opinion adopted by the Supreme Court, where allegations of the motion with respect to misconduct were similar to those here considered, in that the name of the juror making the improper statement was unknown, the case was reversed because the court declined to hear evidence of misconduct.

It is not necessary, we believe, to determine whether the tendered affidavits did or did not constitute an attempted amendment to the amended motion. In the Work, Dist. Judge, case, supra [124 Tex. 281, 77 S.W.2d 1040], the court said: "But, in order not to defeat the evident purpose of the act as amended [the purpose to expedite trials in populous counties], we construe the latter portion of subdivision 29 as forbidding more than one amendment and as mandatorily forbidding the filing of any amended motion after 20 days from the date of filing the original motion." Here the special exceptions were filed after the amended motion was filed. The information which these special exceptions called for could have been ordered by the court to be furnished in the form of affidavits, either giving the information called for or giving an adequate cause for not being able to give same; said affidavits to be treated as exhibits to the amended motion. This would not have extended the time for disposing of the First Amended Motion for New Trial. Thus every purpose of the special exceptions would have been served, and the purpose of Subd. 29, Article 2092, as construed by the Supreme Court, would not have been defeated. If the movant is dilatory in furnishing such affidavits, or if he furnishes such, that, in the exercise of his judicial discretion, the trial court should conclude exposed the purpose of movant to be to use the proposed hearing as a mere "fishing expedition", the court could decline to hear evidence thereon. In this particular case defendants did all in their power by tendering the affidavits, and did tender them sixteen days before the hearing on the motion. We hold that it would not have constituted a violation of subdivision 29, Art. 2092, for the court to have received and considered the proffered motions. In Traders & General Ins. Co. v. Lincecum, 130 Tex. 220, 107 S.W.2d 585,

587, the Supreme Court, speaking through its Commission of Appeals, held: "There is involved in a consideration of this matter [jury misconduct] a question much larger than the pecuniary interest of the litigants, if the implied command of the Constitution to preserve the purity of jury trials is not to become an empty and sterile thing.* * * That this section [Section 15 of the Bill of Rights] and the statute were intended to lay upon our courts the duty to protect jury trials from the ancient evil of hearing secret evidence, given without opportunity to cross-examine or the administration of an oath, is not to be doubted."

Our holding does not necessarily conflict with the holding by the Beaumont Court of Civil Appeals in Federal Underwriters Exchange v. Skinner, 146 S.W.2d 325, 328 (writ dismissed, correct judgment), because the decision in that case is properly sustainable on the ground that the movant therein alleged misconduct as a mere conclusion, and upon the belief of the affiant, as appears from this language: "The bill of exception to the action of the court is no better. It does not name any juror as guilty of the alleged misconduct, nor does it state that any one of them would have testified to the matter alleged, but merely says 'that it is believed by the defendant that their testimony would have been that certain members of the jury had related their personal experiences to other members, * * *.' This was not an allegation of fact as to any misconduct, but was merely a supposition or belief that certain things had taken place in the jury room. It should have definitely alleged the facts, if any such there were."

When we say that our decision is not necessarily in conflict with the foregoing case, we mean that we agree that the case was correctly decided; we do not go so far as to say that our opinion is not in conflict with a part of the opinion in that case. In view of the fact that our opinion is in irreconcilable conflict with another case by that court, Roy Jones Lumber Co. v. Murphy, 154 S.W.2d 187 (writ of error granted some months after the trial of this case), we deem it unnecessary to discuss the Skinner case further.

In the Murphy case it was held that the affidavits were fatally defective. With that phase of the case we are not concerned. But the court further held that to permit the attaching of the affidavits

to the First Amended Motion for New Trial would constitute a violation of Subd. 29, Art. 2092. Our holding above does conflict with this case. The Supreme Court, by granting a writ of error on Points I and II of the application for writ of error, has questioned the holding in the said case. These points are: "Point I. Error of the district court in sustaining plaintiff's exceptions to defendants' amended motion for new trial alleging misconduct of the jury." "Point 2. Error of the district court in refusing to permit defendants to attach a verification to their amended motion for new trial, and written signed statements of jurors, after sustaining plaintiff's exception thereto, and before presenting same to court."

We refrain from certifying the conflict as the case can reach the Supreme Court on writ of error. Rule 461; Duval v. Clark, Tex.Sup., 157 S.W.2d 626.

As this cause must be reversed and remanded for a new trial, it is unnecessary to pass upon the remaining points presented by appellants. For the errors indicated above the judgment is reversed and the cause remanded.

Reversed and remanded.