TRACY et al. v. WILLACY COUNTY.
No. 11257.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 17, 1943.

J. F. Whitelaw, of Brownsville, and Jesse G. Foster, of Raymondville, for appellants.

M. J. Glarner and J. Foster Crowell, both of Raymondville, for appellee.

MURRAY, Justice.

This suit was instituted by Willacy County against N. C. Tracy and Standard Accident Insurance Company as surety on the official bond of N. C. Tracy, who was formerly County Clerk of Willacy County, Texas.

Prior to the trial on the merits, the court appointed B. M. Mothershed to audit the books and records of N. C. Tracy for the years 1937 and 1938.

The case was submitted to a jury upon special issues and judgment rendered on the jury's answers thereto against the defendants in the sum of $2,403.93. From this judgment the defendants have prosecuted this appeal.

■ Appellants complain because the court overruled their motion to suppress, quash and strike from the record the audit of B. M. Mothershed, and also because the court overruled their objections and exceptions to the audit. We find no error in such action by the court. Mothershed was an auditor appointed by the court to state the account between the county and Tracy as is provided for by Rule 172, R.C.P., Article 2292, Revised Civil Statutes of 1925, was to the same effect.

■ It is settled law in this state that where an auditor is appointed by the court to state the account between litigants, such report when made is admissible in evidence and, unless objected or excepted to, is conclusive evidence as to such account; and where excepted to is only prima facie evidence of the matters contained therein and either party may offer evidence to contradict or support such report of the auditor as to the parts thereof excepted to. Any other rule would render the report of the auditor, who is an officer of the court, null and void and render his efforts of no avail. Stockwell v. Snyder, 126 Tex. 6, 84 S.W.2d 705, reversing Court of Civil Appeals opinion in 51 S.W.2d 812; Cook v. Peacock, Tex.Civ.App., 154 S.W.2d 688.

■ The evidence shows that there was an audit made by J. A. Roberts of Tracy's accounts for these same years, showing that Tracy was indebted to the county in the sum of $380.96, which he paid. It is contended by appellants that this constituted a settlement with the county and that the county is bound by its order approving Tracy's accounts after the Roberts audit. We overrule this contention. Willacy County, in the years 1937 and 1938, had a population of less than 25,000 inhabitants, and the county clerk was allowed compensation in a sum not in excess of $3,000 per annum. The Commissioners' Court was without jurisdiction to enter any order the effect of which was to allow Tracy compensation in a greater sum. Throckmorton County v. Thompson, 131 Tex. 543, 115 S.W.2d 1102; McKinney v. Collingsworth, County, Tex.Civ.App., 159 S.W.2d 234.

■ Appellant Tracy next complains because he was charged an item of $484.40. The Commissioners' Court allowed this amount to Tracy to cover the discount which he had paid on certain warrants issued to him in payment for his work on a transcribing contract he had with the county. The transcribing contract provided that Tracy should be paid by warrants bearing 6% interest. The fact that he saw fit to dispose of the warrants at a discount did not entitle him to additional compensation from the county, and when the county allowed him $484.40 to cover this item

it was in the nature of a gratuity for which he must account under the excess fee statute, Art. 3883, Vernon's Ann.Civ. Stats. This item was properly charged to Tracy.

The judgment is affirmed.