SAN BENITO CASH & CARRY BUILDING MATERIALS, INC., Appellant,

v.

Robert HOMMEL and wife Rosie Lee Hommel, Appellees.

No. 653.

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 30, 1971.

Rehearing Denied Dec. 30, 1971.

Sloan, Muller & Godfrey, Cullen M. Godfrey, Austin, for appellant.

Bonner & Ball, Nile E. Ball, Harlingen, for appellees.

## OPINION

SHARPE, Justice.

This appeal is from a judgment rendered after jury trial cancelling and holding for naught a mechanic's and materialman's lien owned by appellant covering property belonging to appellees and denying all relief sought by appellant on its cross-action.

Appellant's single point of error reads as follows:

"The trial court erred in not allowing the appellant to examine jurors in the area of jury misconduct and in overruling appellant's amended motion for new trial based upon jury misconduct."

Appellant's amended motion for new trial alleged jury misconduct. The affidavit of Merced Gonzalez was attached to that motion and reads as follows:

"THE STATE OF TEXAS:
COUNTY OF WILLACY:

BEFORE ME, the undersigned authority, on this day personally appeared Merced Gonzalez, who being by me duly sworn, upon his oath stated as follows;

My name is Merced Gonzalez; I live at 705 W. Lochrie, and I was one of the jurors selected to serve on the jury for the trial of the case of Robert Hommel and wife, Rosie Lee Hommel vs. Orlando L. Benitez, San Benito Cash and Carry Building Materials, Inc. and National Bank of Commerce of Brownsville, Texas.

During the deliberations and after the jury had retired to reach its verdict, I believed, and I still believe, that there was a secret agreement between Robert Hommel and Orlando L. Benitez in addition to the Mechanics and Materialman's Lien Contract, Promissory Note and Payment Schedule. I found the Special Issue No. 1 confusing to me because I could not determine the difference between the two answers that the jury was required to make a choice from. I believed then, and I believe now, that the three papers were a true agreement, but I also believed they had an additional understanding. So, I felt that to answer 'It was the True Agreement' was wrong because it was only part of the true agreement, and I felt that to answer 'It was not the True Agreement' was wrong because it was a true part of the True Agreement. I decided then that before I answered I needed an explanation from someone. I asked the Foreman, Hugh N. Crews, for an explanation of what the questions and answers really meant, but before he or the other jurors, or someone could give me an explanation that could satisfy my mind, a commotion, fight or some kind of violent noise and language started right outside the jury room. The commotion so startled me and several others that I quickly agreed to answer Special Issue No. 1 'It was the true Agreement' so that we would not have any other special issues to answer, and we could be through and finished. I would not have answered as I did except for the confusion in my mind and outside the door to the jury room because I became convinced by the evidence and testimony that the judge told me I must consider in arriving at my verdict, that there was in fact a secret agreement between Hommel and Benitez to reconstruct the house for Hommel.

/s/ Merced Gonzalez
Merced Gonzalez

SWORN TO AND SUBSCRIBED BEFORE ME by Merced Gonzalez on this the 31st day of March, A.D. 1971.

C. H. Garcia
C. H. Garcia, District Clerk
(SEAL)   in and for Willacy County, Texas

By: /s/ Iris O. McGlothin
Deputy.                              "

A hearing was set for April 20, 1971 on appellant's motion for new trial. Ten jurors were present pursuant to subpoenas and were ready to testify if called. One juror had been excused during the course of the trial and another was excused from attending the hearing on the motion for new trial because of an emergency.

On April 20, 1971 the trial court after hearing argument of counsel ruled as follows:

"Let the record further show that the Court has considered the amended motion for new trial filed herein on April 19, 1971, and the affidavit attached thereto and that the Court is of the opinion that such motion and such affidavit does not show or evidence any overt acts or misconduct on the part of the jury such as would entitle San Benito Cash and Carry Building Materials, Inc., to call any juror to the stand or elicit any testimony in that connection.

Let the record further show that the amended motion for new trial is overruled."

The trial court submitted ten special issues to the jury. However, the charge contained an instruction to the effect that if special issue No. 1 was answered "It was not the true agreement" that special issue No. 2 would be answered, otherwise not. The remaining issues were also conditionally submitted so that none of them needed to be answered if special issue No. 1 was answered "It was the true agreement." There was no objection made to submission of the issues in that manner.

Special Issue No. 1 and the jury answer thereto read as follows:

"SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that the Mechanic's and Materialman's Lien Contract, Promissory Note and Payment Schedule was not the true agreement between Robert Hommel and Orlando L. Benitez for the reconstruction of the Hommels' house?

You will answer 'It was the true agreement,' or 'It was not the true agreement.'

Answer: It was the true agreement"

The judgment recites that appellees "are entitled to a judgment based upon the law, the verdict of the jury and stipulation of the parties."

The record herein consists of the Transcript and a Statement of Facts covering the hearing on appellant's motion for new trial. The record does not contain a Statement of Facts covering the trial on the merits.

In the case of Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644, 646, the court held in part as follows:

"Therefore, we hold that the correct rule is (1) if affidavits are attached to the motion showing material jury misconduct it is reversible error for the trial court to refuse to hear testimony on the motion, Stockwell v. Snyder, 126 Tex. 6, 84 S.W. 2d 705; (2) or, if the motion discloses a reasonable explanation and excuse as to why affidavits cannot be secured and exhibited, in connection with sufficient allegations of material jury misconduct, it is likewise reversible error to decline to hear testimony on the motion, Robertson v. Humble Oil & Refining Co. [Tex. Civ.App., 116 S.W.2d 820], supra; but (3) in the absence of such affidavits or a reasonable excuse for not exhibiting the same, a refusal to hear testimony from the jurors on the motion is a matter within the sound discretion of the trial

judge, Milwaukee Mechanics' Ins. Co. v. Frosch, Tex.Civ.App., 130 S.W. 600, error refused. See, also, Stubblefield v. Stubblefield, Tex.Civ.App., 45 S.W. 965, error refused; Houston E. & W. T. R. Co. v. Eddings, Tex.Civ.App., 139 S.W. 902, error refused; Estep v. Bratton [Tex.Civ.App., 24 S.W.2d 465], supra; 31 Tex.Jur., p. 126, sec. 114."

In Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462, 464, our Supreme Court reiterated the rule that ". . . it is never permissible to allow a juror to preserve or destroy his verdict by testifying to the mental processes by which he reached the same, . . ." Our Supreme Court has also held that an express misconstruction of the Court's charge by a juror which does not bring to the attention of the jury law or facts outside the record should not be regarded as jury misconduct within the meaning of Rule 327, Texas Rules of Civil Procedure. Whited v. Powell, 155 Tex. 210, 285 S.W.2d 364 (1956). See also Hoffman v. French, Ltd., 394 S.W.2d 259, 266 (Tex.Civ.App., Corpus Christi, 1965, wr. ref. n. r. e.).

Appellant's amended motion for new trial, which contained six grounds, did not particularize the facts relied upon to show jury misconduct. The only grounds asserted by appellant which might be said to relate to the conduct mentioned in the affidavit of Merced Gonzalez are grounds IV and V, reading as follows:

"IV

"The verdict of the jury and the answer of the jury to special issue number 1 was the result of discussions and considerations made by the jury of things outside of the testimony and exhibits admitted in evidence during the trial of this cause.

"V.

The verdict of the jury and the answer of the jury to special issue number 1 was the result of erroneous interpretation of special issue number 1 and the transmittal of such erroneous interpertation from one juror to another so as to effec-

tively mislead and misguide the jurors in their deliberations."

The affidavit of Gonzalez at best, reflects confusion concerning the charge of the court or possible misconstruction of it, prior to the time the jurors agreed to answer Special Issue No. 1. That portion of Gonzalez' affidavit concerning the commotion, fight or violent noise right outside the jury room—which Gonzalez said startled him so that he quickly answered special issue No. 1 "It was the true agreement" amounts to nothing more than testimony as to the mental processes by which he reached his verdict.

We agree with the trial court that appellant's amended motion for new trial and the affidavit of Merced Gonzalez failed to show material jury misconduct. Under such circumstances the trial court was not required to hear testimony on the motion and a refusal to do so was a matter within its discretion. No abuse of discretion is shown here under the authorities hereinabove cited.

The judgment of the trial court is affirmed.