Joseph B. VILLIERS, Jr., d/b/a The Joe Villiers Insurance Agency, Appellant,

v.

REPUBLIC FINANCIAL SERVICES, INC., Appellee.

No. 8762.

Court of Civil Appeals of Texas, Texarkana.

June 30, 1980.

Rehearing Denied Aug. 5, 1980.

William R. McGarvey, Dallas, for appellant.

Barry H. Fanning, Fanning, Harper, Wilson, Martinson & Fanning, Dallas, for appellee.

CORNELIUS, Chief Justice.

Republic Financial Services, Inc. brought this suit against Joseph B. Villiers, Jr., to recover monies he allegedly owed to several insurance companies which were subsidiaries of Republic. Villiers had an insurance agency and represented the companies in the sale of insurance policies. The amounts in controversy represented premiums for policies sold by Villiers, which his agency agreement required that he collect, and after deducting his commissions, remit to the insurance companies.

Republic's original petition was in the form of an action for monies due under the agency agreement, which agreement was attached to the petition as an exhibit. The first amended petition was essentially the same, but the second and third amended petitions, while retaining the breach of contract allegations with minor changes, added allegations and affidavits for a suit on sworn account pursuant to Tex.R.Civ.P. 185. The trial court appointed an auditor to examine and report on the parties' financial obligations to each other. The audit report showed that Villiers was indebted to the various insurance companies in the total sum of $1173.16. Trial was to a jury which found the amount owed to be $1159.19. After hearing evidence on the reasonableness of the auditor's fee and attorney's fees, the trial court rendered judgment in favor of Republic against Villiers for $1159.19, plus $3,500.00 attorney's fees. The auditor's fee was approved for $11,901.00 and was taxed against Villiers and Republic equally.

Villiers attacks the judgment by twelve points of error which will be grouped for discussion.

The first group asserts that the court erred in refusing, over Villiers' objection, to submit an issue to the jury inquiring if the claims of the various insurance companies had been assigned to Republic. Villiers took the position that the proof showed debts which were owed not to Republic, but to the subsidiary insurance companies, and that unless the claims had been assigned from those companies to Republic, it could not recover on them. The insurance companies were not parties to the suit. There was no evidence of a written assignment, but there was testimony about an oral assignment or understanding between the insurance companies and Republic.

Mr. Jack Witherspoon testified that he was the Assistant Vice President of Republic and of each of the insurance companies named in the petition; that all of such companies had authorized Republic to act as their billing and collecting agent for all premiums or accounts owed to them; that the companies had assigned the accounts involved in the suit to Republic; that the assignment was not in writing but was an oral understanding or agreement; that he had the authority to authorize such an assignment and had done so; and that Republic was authorized to bring suit in its name on said accounts. There was no contrary evidence presented by Villiers or Republic.

■ Debts, choses in action, and other contract rights may be assigned by parol unless the contract giving rise to the claim, or some statute pertaining to the claim, requires a written transfer. *Clark v. Gillespie*, 70 Tex. 513, 8 S.W. 121 (1888); *Rollison v. Hope*, 18 Tex. 446 (1857); *First National Bank v. Sheffield*, 475 S.W.2d 820 (Tex.Civ. App. Austin 1972, no writ); 6 Tex.Jur.2d Assignments § 66, p. 460. And oral testimony as to the fact of the assignment, as distinguished from its contents, is admissible even if the assignment is written, if it is shown that the witness has personal knowledge of the fact that the claim had been assigned. *General Office Service Co. v. Ledbetter*, 221 S.W.2d 932 (Tex.Civ.App. Eastland 1949, no writ); 6 Tex.Jur.2d Assignments § 66, p. 460. An attempt to testify to the contents of a written assignment would be objectionable because it would not be the best evidence. *Standifer v. Bond Hardware Co.*, 94 S.W. 144 (Tex. Civ.App. 1906, no writ).

■ The testimony of an oral assignment to Republic of the debts involved here was sufficient to bring this suit within the rules stated above, and since the evidence was not contradicted it was not necessary or proper to submit an issue to the jury on that question.

■ Mr. Villiers next contends that Republic cast its suit as a sworn account, and because it proved only that he was indebted to the insurance companies for premiums on policies he had sold to third parties, rather than for any transaction described in Tex.R. Civ.P. 185, the suit came within our holding in *Hollingsworth v. Northwestern National Ins. Co.*, 522 S.W.2d 242 (Tex.Civ.App. Texarkana 1975, no writ), and there was thus a fatal variance between the pleadings and the proof. We cannot agree. In *Hollingsworth* there was no allegation of any debt for premiums due under the agency agreement; the pleadings there used only the prescribed language of Rule 185 to the effect that the suit was based upon a sale of goods, wares and merchandise to the defendant. In the present case, Republic pleaded specifically and in detail the contractual obligations giving rise to the claimed debts, and attached those contracts to the pleadings, and its proof conformed to those allegations. The fact that it did not prove a sworn account would not preclude its recovery on the contractual cause of action which it did plead and prove.

■ Mr. Villiers also asserts that Republic's proof did not conform to its pleadings because the petition sought recovery of "trust funds", which he held for the insurance companies, and he contends that trust funds are only those premiums actually collected by him; whereas the proof showed the full premium for the policies sold, without regard to what had actually been paid to him. There is no merit to this contention. The trust funds mentioned in Repub-

lic's pleadings were simply what Villiers owed the insurance companies on the policies he sold. If he sold insurance policies and failed to collect the premiums, he nevertheless owed the earned premium, less commissions, to the companies.

It is true that Republic pleaded that Villiers failed to transmit trust funds he was holding for it, but it was also alleged that he was bound by his agency contract to *collect* the proper premiums and deliver them, less his commissions, to Republic, and that he violated that agreement. Statements were attached to the petition which showed the net premium owed on each policy. These pleadings and attachments gave fair notice to Villiers that recovery was being sought for what was owed on the policies, not just for what had actually been collected.

It is also urged that the trial court erred in admitting into evidence the auditor's work sheets and supporting data. The auditor's report itself was rather brief, and it recited mainly the procedures which were used in the audit and the auditor's ultimate conclusions. Villiers filed extensive exceptions prior to the trial and moved to quash the report. The trial court denied the motion, and at the trial admitted the report into evidence. Republic then offered the work sheets and supporting data used in the audit. Mr. Villiers' counsel objected to the papers only on the grounds previously raised in his exceptions to the audit report. The objection was overruled. Republic's counsel then had the auditor describe the work papers item by item and explain how they were used in the audit. Villiers later renewed his objection on the additional grounds that the voluminous records contained improper matters and matters outside the record, and that he had not had an opportunity to review them and separately object to them. The trial court offered counsel time to review the material, but the record does not reflect if he did so.

■ Tex.R.Civ.P. 172 authorizes the court to appoint an auditor in proper cases, and provides that his report shall be admissible in evidence, subject to contradiction if exceptions are filed before trial. Cases construing and applying the rule have made it clear that the auditor's report, if neither side excepts to it, is conclusive and will support a judgment consistent with the facts stated in it, but where the report is excepted to it becomes prima facie evidence only, and either party may offer evidence to *contradict* or *support* it as to the matters excepted to. *Tracy v. Willacy County*, 169 S.W.2d 217 (Tex.Civ.App. San Antonio 1943, no writ); *Stockwell v. Snyder*, 84 S.W.2d 705 (Tex.Com.App. 1935, opinion adopted). In this case Villiers excepted to the audit report on the grounds, among others, that it failed to ascertain premiums actually collected; it covered transactions beyond the agreement sued on; it was not confined to trust funds; it made no specific reference to accounts or policies or companies; it charged Villiers with improper interest charges; it failed to credit him with payments made; and it included only 18 of the existing 46 accounts.

■ Ordinarily the evidence on which the auditors relied in making the audit is not included in the audit report, and properly so. See *Richie v. Levy*, 69 Tex. 133, 6 S.W. 685 (1887). But when the report is excepted to, its conclusions become disputed to the extent of those exceptions, and if the evidence raises fact issues on those questions either party is entitled to have a jury verdict thereon in response to evidence adduced. *Hillman v. Hillman*, 157 S.W.2d 143 (Tex.Com.App. 1941, opinion adopted); *Cook v. Peacock*, 154 S.W.2d 688 (Tex.Civ. App. Eastland 1941, writ ref'd w. o. m.). As held in *Whitehead v. Perie*, 15 Tex. 7 (1855), concerning those matters on which the accuracy of the report is impeached, the evidence is to be given anew at the trial before the jury. And as stated by our Supreme Court in *Stockwell v. Snyder*, supra,

> "The official audit was in evidence for all purposes, and counsel should have been permitted to inquire into and discuss the effect of it, and offer additional evidence upon the items duly excepted to."

If the procedures and working papers of the auditors are not admissible, how can a party inquire into the audit? And if the records on which the audit was based are not admissible, how can the evidence in support of or in contradiction of the audit be given anew and the parties obtain a jury verdict thereon? We conclude that the working papers and records on which the report is based, to the extent they are relevant and otherwise competent, are admissible if the matters to which they pertain have been duly excepted to. If hearsay or other improper evidence is included, the objecting party, as required by existing rules, should object specifically to each item giving the reasons why it should not be admitted. That was not done here. We also conclude that counsel for Villiers was not denied an adequate opportunity to review and object to the papers in question.

Mr. Villiers also argues that it was improper to render judgment against him for the account owed to Southern Mutual Insurance Company. Southern Mutual Insurance Company's account was included in the accounts sued on, but the company was not named in the agency contract which was attached to the pleadings. Mr. Villiers excepted to the account being considered, but the exceptions were overruled by the trial court because they were not timely filed. At the trial the court admitted the account, and later allowed Republic to file a trial amendment adding Southern Mutual as one of the companies involved, and alleging that Republic was authorized to sue on its claim. Villiers contends there was no probative evidence of Republic's authority to sue, because Mr. Jack Witherspoon, who testified that Republic had an assignment of Southern Mutual's claim, was not an officer of that company, and his testimony was pure hearsay and amounted to nothing. We disagree. Mr. Witherspoon testified that he was an officer of *Republic*, and in that capacity had personal knowledge that Republic had such an assignment from Southern Mutual. That was not hearsay, but was testimony upon personal knowledge, and was admissible as evidence of the fact of the assignment.

■ Another group of points asserts that the audit should not have been admitted into evidence because it was unnecessary, unfair, and uncontrolled. Tex.R.Civ.P. 172 provides that when an investigation of accounts or examination of vouchers appears necessary for the purpose of justice between the parties, the court shall appoint an auditor to state the accounts between such parties. The action of the court in ordering such an audit will not be considered error unless a clear abuse of discretion is shown. 49 Tex.Jur.2d References § 2, p. 575, and cases cited. Considering the complicated nature of this suit as it appeared from the pleadings before trial, and the time and difficulty involved in resolving the disputed accounts in a jury trial, we cannot say that the trial court abused its discretion in ordering the audit.

■ Complaint is made of the high cost of the audit and the court's taxing one-half of the auditor's fees to Mr. Villiers. The auditor was allowed a fee of $11,901.00. Although the cost of the audit was disproportionate to the ultimate recovery, the trial judge had no way of knowing that fact when the audit was ordered, and substantial evidence was introduced supporting the reasonableness of the fee considering the amount of work involved. From an examination of the testimony and a consideration of all of the circumstances, we cannot say that the fee was not reasonable. Mr. Villiers had the burden to show that the fee was not reasonable, and he failed to do so. *Cauble v. Handler*, 503 S.W.2d 362 (Tex.Civ. App. Fort Worth 1973, writ ref'd n. r. e.).

■ The taxing of one-half of the auditor's fee to each of the parties was a matter within the sound discretion of the trial court. Ordinarily Mr. Villiers, as the losing party, would have been liable for all of the costs, including the auditor's fee. Tex.R. Civ.P. 131. However, for several reasons set out in its order, the trial court found good cause for taxing the fee equally against Republic and Mr. Villiers. The rule as to the setting of an auditor's fee and the taxing of that fee as costs is the same as

the rule relating to attorney's fees, and the court's action in that regard will not be disturbed on appeal except upon a clear showing of an abuse of discretion. The trial court here fully stated the reasons constituting good cause for the taxing of the auditor's fee to both parties, as is required by Tex.R.Civ.P. 141, and from a review of those reasons we find no abuse of discretion in that action.

Mr. Villiers also complains that the audit was unfair because it included an examination of only 18 of the accounts which numbered 46 in all. Republic, in its brief, makes the uncontradicted statement that the 18 accounts which were examined comprised 85% of the money involved in the suit, and were the only ones questioned or disputed by Mr. Villiers. Mr. Villiers had personal knowledge of the accounts, and if one or more of those not examined had shown a credit in his favor, he could have and should have called that particular account into question and produced evidence thereon. To have examined in detail all 46 accounts would have only lengthened the audit and increased its cost. Under the circumstances, we find no reversible error.

Another point contends that attorney's fees should not have been allowed. Prior to the August 29, 1977, amendment of Tex.Rev.Civ.Stat.Ann. art. 2226, attorney's fees would not have been recoverable in a suit of this nature unless the contract between the parties so provided, or unless Republic's suit qualified as a suit on sworn account. In 1977 the statute was amended to provide that attorney's fees would be recoverable in suits on oral or written contracts generally. Villiers contends that since all of the transactions giving rise to the suit occurred before the enactment of the amendment, attorney's fees were not allowable since Republic did not make out a case on sworn account, and the agency contracts do not provide for the payment of attorney's fees. We do not agree. The trial of this case was held after the amendment. The general rule is that statutes dealing with a remedy, as distinguished from a right or cause of action, are to be applied to actions tried after their passage even though the right or cause of action arose prior thereto. In addition, the Texas Legislature further amended Article 2226 in 1979 to express the legislative intent that

"This Act is remedial in character and is intended to apply to all pending and future actions, regardless of the time of institution thereof or of the accrual of any cause of action asserted."

Mr. Villiers next complains that Exhibits 6 and 7, which were the statements sent by Republic to him, were not properly proven under Tex.Rev.Civ.Stat. Ann. art. 3737e, known as the business records statute. The basis for the assertion is that the witness who prepared the records and proved them in court did not have personal knowledge of their contents, because they were made from data supplied by persons in other departments not under her supervision. We overrule this contention. Article 3737e does not require that the persons proving the records or making the record have personal knowledge of the facts shown therein. See *Skillern & Sons, Inc. v. Rosen*, 359 S.W.2d 298 (Tex.1962). It is only required that (1) the record be made in the regular course of the business; (2) it be in the regular course of the business for an employee of such business having personal knowledge of the transaction *either to make such record or transmit the information to someone else who makes the record*; and, (3) the entries be made at or near the time of the act or event or condition or reasonably soon thereafter. Tex.Rev.Civ. Stat.Ann. art. 3737e; *Hanson Southwest Corp. v. Dal-Mac Const. Co.*, 554 S.W.2d 712 (Tex.Civ.App. Dallas 1977, writ ref'd n. r. e.). The testimony of Mrs. Huckabee in the agency accounting department met those requirements. In the *Hanson* case, relied upon by Mr. Villiers, the record was ruled inadmissible because the person who prepared the record based it upon information submitted to him by third parties rather than by employees of the business, and he could not testify that the information transmitted was made upon their personal knowledge.

All of the points of error have been carefully considered and are respectfully overruled. For the reasons stated in the discussion of Mr. Villiers' complaint of the taxing of the auditor's fee, Republic's crosspoint No. 1 is also overruled.

The judgment of the trial court is affirmed.