### GRIFFIN v. SEVIER.
### No. 12215.

Court of Civil Appeals of Texas. Galveston.
Nov. 16, 1950.

------♦------

Bell, Dyche & Bell and Spurgeon E. Bell, all of Houston, for appellant.

Merrill & Scott, and Frank L. Merrill, all of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Jesse J. Sevier, for a settlement of partnership accounts between himself and appellant, Robert T. Griffin. He alleged that the partnership had been dissolved and that appellant had the partnership assets in his possession and refused to make a final settlement with respect thereto. He sought the appointment of an auditor to state the account between the parties and to make a report thereof to the court. He alleged that the Harrisburg National Bank, which was made a party defendant in the suit, had partnership funds in its possession. Appellant, in his answer, denied the partnership, and asserted that if there was a partnership, there were no assets to be divided. An auditor was appointed to state the accounts between the parties and to file his report. No objection was made to the auditor's report by either party before the trial of the case.

In a trial before the court judgment was rendered in favor of appellee, against appellant, for the sum of $1,642.88, and against the Harrisburg National Bank for the sum of $1,165, with instructions that the money recovered from the bank be credited on the judgment awarded against the appellant.

At the request of appellant, the trial court prepared and caused to be filed his findings of fact and conclusions of law, in which he found that the parties to the action had entered into a written agreement for forming said partnership.

The court found that the auditor appointed by the court had filed with the clerk of the court a report of his audit, showing that appellant was indebted to appellee in the sum of $1,642.88. He found that no exception to the auditor's report, or any item therein, was filed by either party and that the parties had expressly waived any defects in the report and agreed to its admission in evidence. The court concluded as a matter of law the parties were equal partners by virtue of said written agreement and that the appellant, who had retained the assets of the partnership in his possession, was liable to appellee for his proportional part thereof.

Appellant concedes that an auditor's report, unobjected to, is conclusive, but contends that the auditor's report in the instant case was erroneous on its face and that the trial court erred in rendering judgment thereon. This contention cannot, we think, be sustained.

Rule 172, Texas Rules of Civil Procedure provides for the appointment of an auditor by the court when an investigation of accounts appears necessary for the purpose of justice between the parties to a suit and that his report when admitted in evidence may be contradicted by evidence from either party where exceptions to such report, or any part thereof, have been filed before the trial.

In the case of Tracy et al. v. Willacy County, Tex.Civ.App., 169 S.W.2d 217, it is held that where an auditor is appointed by a court to state the account between litigants, such report, when made, is admissible in evidence and, unless objected or excepted to, is conclusive evidence as to such accounts and that any other rule would render the report of the auditor, who is an officer of the court, null and void and render his efforts of no avail.

In the early case of Whitehead v. Perie, 15 Tex. 7, the court in its opinion said "the report of the auditor may not conform to the law in form or substance, and this may be apparent upon inspection of

274

the report itself. In that case, the party aggrieved by it should move to set it aside; or, the report may be regular and in due form, but the auditor may have come to the wrong conclusions upon the matters referred to him, and then the party wishing to impeach the accuracy of the conclusions of the report should except specially, setting forth wherein the inaccuracy consists; and to the matters thus excepted to, the parties should be required to confine their evidence, upon the trial." The rule announced in this case has never been overruled in so far as we have been able to determine.

In the case of Daniels v. U. S. Rubber Company, Tex.Civ.App., 199 S.W.2d 533, writ refused, n. r. e., it was held that a report of an auditor appointed to state the accounts between the parties must be excepted to before the trial to permit introduction of evidence attacking the report, and in the absence of such exceptions, the report cannot be contradicted.

Under above facts, the judgment of the trial court must be in all things affirmed. It is so ordered.