Petition for Writ of Mandamus Conditionally Granted
and Memorandum Opinion filed August 13, 2009.

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00239-CV

____________

 

IN RE COASTAL NEJAPA, LTD., Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

In this original proceeding, relator, Coastal Nejapa, Ltd.,
seeks a writ of mandamus ordering the respondent, the Honorable Ben Hardin,
presiding judge of the 23rd District Court of Brazoria County, to set aside his
February 10, 2009 amended order appointing an auditor.  We conditionally grant
the writ. 

                             I.  Factual
and Procedural Background








Coastal Nejapa, Ltd. (ACoastal Nejapa@) owns 99.5% of the Nejapa Power
Company, LLC, which, in turn, owns the Nejapa Power Plant in El Salvador. 
Coastal Nejapa has two shareholders.  Inkia Salvadorian Power, Ltd. (AInkia@) is Coastal Nejapa=s majority shareholder, while Crystal
Power is its minority shareholder.  On October 15, 2002, Crystal Power filed
suit in Brazoria County against Coastal Nejapa for breach of contract and
declaratory judgment with regard to shareholder distribution rights and
distributions on Coastal Nejapa shares from profits of the Nejapa Power Plant. 
Crystal Power=s claims involve rights of Coastal Nejapa=s shareholdersCCrystal Power and InkiaCand the division of distributions
between them.  Crystal Power alleges that Coastal Nejapa was to issue
additional shares to Crystal Power on July 8, 2008, but failed to do so.[1] 
Crystal Power then amended its pleadings to add claims regarding the
distributions on those additional shares. 








At a hearing on November, 7, 2008, the trial court sua sponte
suggested the appointment of an auditor to examine the accounts of Coastal
Nejapa.  Coastal Nejapa objected that the appointment was unnecessary because
(1) Crystal Power had already received up-to-date monthly financial statements
and audited financial statements, (2) Crystal Power had conducted no
discovery with respect to issues related to its most recent petition, and (3)
the appointment of an auditor would be a financial burden on Coastal Nejapa. 
On January 28, 2009, the trial court signed an order (the Afirst auditor order@) appointing Ronald Welsh both master
in chancery and auditor under Rules 171 and 172 of the Texas Rules of Civil Procedure,
respectively.  See Tex. R. Civ. P.
171 (providing for appointment of master in chancery); Tex. R. Civ. P. 172 (providing for appointment of auditor). 
Coastal Nejapa objected to the first auditor order on the grounds that
(1) the trial court appointed a master in chancery, not an auditor;
(2) this is not an exceptional case warranting the appointment of a
special master; (3) the appointment of an auditor is not necessary for the
purpose of justice between the parties; (4) the appointment of an auditor
relieves Crystal Power of its burden to prove its entitlement to the relief it
seeks; (5) the auditor was improperly granted the authority to investigate
nonparties; and (6) the appointment of the auditor creates a financial burden
on Coastal Nejapa.  Crystal Power, on the other hand, filed a motion requesting
that, in light of Coastal Nejapa=s alleged breach of fiduciary duties,
the trial court either expand the auditor=s authority to address those issues,
or based on the auditor=s report, reconsider the appointment of a receiver for
Coastal Nejapa. 

On February 5, 2009, the trial court held a hearing on
Coastal Nejapa=s objections to the appointment and Crystal Power=s motion to expand the auditor=s authority.  On February 10, 2009,
the trial court signed an amended order (the Aamended auditor order@) appointing an auditor and deleting
any reference to a master in chancery or Rule 171, which provides for the
appointment of a master.[2]  Coastal
Nejapa filed a petition for writ of mandamus in this court requesting that we
compel the trial court to vacate the amended auditor order.  Coastal Nejapa,
asserting the same arguments it raised in the trial court, contends that the trial
court abused its discretion by entering the amended auditor order.[3]


                                                  II.  Standard of Review








To be entitled to the extraordinary relief of a writ of
mandamus, a relator must show that the trial court clearly abused its
discretion and it has no adequate remedy by appeal.  In re Team Rocket, L.P.,
256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding).  A trial court clearly
abuses its discretion if it reaches a decision so arbitrary and unreasonable as
to amount to a clear and prejudicial error of law, or if it clearly fails to
correctly analyze or apply the law.  In re Cerberus Capital Mgmt., L.P.,
164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); Walker v.
Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  To determine
if a party has an adequate remedy by appeal, we ask whether Aany benefits to mandamus review are
outweighed by the detriments.@  In re Prudential Ins. Co. of Am., 148 S.W.3d 124,
136 (Tex. 2004) (orig. proceeding).  An appeal is not an adequate remedy when a
party stands to lose a substantial right.  Walker, 827 S.W.2d at 842. 

An order appointing a master in chancery or an auditor may be
reviewed in a mandamus proceeding.  Simpson v. Canales, 806 S.W.2d 802,
812 (Tex. 1991) (orig. proceeding).  The appointment of a master in chancery or
an auditor will not be disturbed absent an abuse of discretion.  Id. at
811; Villiers v. Republic Fin. Servs., Inc., 602 S.W.2d 566, 571 (Tex.
Civ. App.CTexarkana 1980, writ ref=d n.r.e.).  

                              III.  Amended
Order Appointing Auditor

The amended auditor order provides as follows:

This case involves, among other issues,
disputes among the parties with respect to ownership in, and rights to
distributions from, the Nejapa Power Plant in El Salvador (the APlant@) through
various entities, including, without limitation, Nejapa Holdings, Ltd.
(formerly known as Coastal Nejapa, Ltd.).  On November 21, 2008[,] this Court
entered a temporary injunction concerning part of those distributions. 

The evidence presented so far in this case
shows that there may be serious discrepancies concerning the amount of and
entitlement to distributions with respect to the Plant.  The Court has
announced to the parties that it intends to appoint an auditor to investigate
and report on the various accounts between and among the parties with respect
to ownership in and distributions from the Plant, Nejapa Holdings, Ltd.[,] and
related entities.  It appears to the Court that the appointment of an auditor
is necessary for the purpose of justice between the parties to the suit.








It further appears that because of the
nature of the investigation that the auditor will need to conduct, the auditor
should be an attorney at law with authority (subject to the notice and hearing
requirement below) to retain accountants and other personnel necessary to
assist in the investigation.  An example of the exceptional nature of the case
is that it involves mostly foreign entities, including the non-party entity
which is exercising control over Nejapa Holdings, Ltd., the Plant and all
distributions therefrom.  Further, that entity, through its counsel, has given
widely varying accounts of the amount of funds available for distribution to
the owners.

It is, therefore, ORDERED that Ronald
Welsh is appointed Auditor under Rule 172, Texas Rules of Civil Procedure, to
investigate and report on the accounts between and among the parties hereto
with respect to ownership in and rights to distributions from the Plant, Nejapa
Holdings, Ltd. and other related entities which are parties to this litigation
during the period beginning September 1, 2006.

Because
Crystal Power Company has a substantial ownership interest in Nejapa Holdings,
Ltd., which is holding funds undisputably belonging to Crystal Power Company,
it is further ORDERED that Nejapa Holdings, Ltd. shall initially pay the fees
and expenses of the Auditor from time to time as approved by the Court, with
final allocation of such fees and expenses to be assessed as court costs when
the case is completed.  Provided, however, that no fees and expenses will be
approved without prior reasonable notice to the parties and the opportunity for
a hearing.

                                                               IV.  Analysis

Coastal Nejapa argues that although the trial court stated in
the amended auditor order that it was appointing an auditor, the trial court
actually appointed a master in chancery with authority broader than that of an
auditor.[4]  Crystal
Power, on the other hand, contends that the amended auditor order clearly
appoints an auditor pursuant to Rule 172.  However, we need not decide whether
the trial court appointed a master in chancery or an auditor because, as
discussed below, the trial court=s appointment of either in this case
would be an abuse of discretion.  








Rule 171 permits the appointment of a master in chancery only
Ain exceptional cases, for good cause.@[5]  Simpson, 806 S.W.2d at 811. 
Unless authorized by statute or consented to by the parties, every referral to
a master in chancery must comply with rule 171.  Id. at 810.  This
requirement is not satisfied merely by showing a case is complicated or
time-consuming, or that the court is busy.  Id. at 811.  Rule 172
further permits an Ainvestigation of accounts or examination of vouchers for the
purpose of justice between the parties . . .@[6]  Tex.
R. Civ. P. 172.  AThe purpose of the appointment is to have an account so made
up that the undisputed items upon either side may be eliminated from the
contest, and the issues thereby narrowed to the points actually in dispute.@  Dwyer v. Kaltayer, 68 Tex.
554, 5 S.W. 75, 77 (1887).  

Coastal Nejapa contends that this is not an exceptional case
in which there is good cause to appoint a master in chancery, and the
appointment of an auditor is unnecessary to Ajustice between the parties.@  In contrast, Crystal Power argues
that the evidence considered by the trial court establishes that Coastal Nejapa
has refused to account for shareholder distributions or explain the source of
distributions it claims were payable to Crystal Power.  In support of this
argument, Crystal Power relies on the November 5, 2008 affidavit of Roberto
Vilanova, president of Crystal Power, in which he states:

I was advised that Nejapa was to payout to Crystal
Power $6.2 million relating to Crystal=s
shares on July 30, 2008, by the Nejapa Holding Company, Ltd. attorney. . . . I
was advised that $4,167,400 relating to Crystals [sic] shares was due to be
paid [on] July 31, 2008 by Nejapa=s
attorney by e-mail dated July 31, 2008.  








                                                                            .
. .

Coastal Nejapa has
refused to account for the distributions payable to Crystal or explain the
source of distributions it now claims are payable to Cyrstal.  It now has
reduced the multi[-]million dollar distribution in Exhibit[s] 2 and 3 to
$800,000.  

Attached to Vilanova=s affidavit are documents identified
as three e-mails from Coastal Nejapa=s counsel regarding the funds
available for distribution to Crystal Power.  In the first email, dated July
24, 2008, counsel stated, APlease note that there is an additional $6.2 million in the
pipelines to be paid.  My client is looking into how that is to be divided
between your clients based on what we agreed.@  In the second email, dated July 30,
2008, counsel further explained, AAs I previously mentioned to you,
Nejapa is due to pay out $6.2 million related to Crystal=s shares.  Based on the terms of the
settlement agreement, this means payment to the Banks in the amount of
$5,459,605 and payment to Crystal in the amount of $785,575.@  In the third email, dated July 31,
2008, counsel stated, AAdditionally, please be advised that my client will be
distributing today another $4,167,400 related to Crystal Power=s shareholder interest.@  At a hearing on November 6, 2008,
Vilanova further testified that Coastal Nejapa did not explain to him the
source of the $6.2 million, and he had not received any financial documents
that would explain the source of the $6.2 million.  The $6.2 million
distribution figure was eventually reduced to a total of $803,908 to be divided
between Crystal Power and its creditor banks.[7] 









Crystal Power further contends that the ordinary discovery
process has not yielded the most basic information to enable it or the trial
court to determine the source of funds available for distribution from Coastal
Nejapa.  Specifically, Crystal Power asserts that Coastal Nejapa and Inkia have
refused to provide responsive documents in discovery.  Coastal Nejapa, however,
points out that at the time the trial court issued the first auditor order on
January 28, 2009, the parties had not engaged in any discovery on the issues
subject to the order.  And although Crystal Power added claims to its petition
in September 2008 related to distributions from Coastal Nejapa shares, Crystal
Power did not serve its discovery requests on those issues until January 23,
2009Cfive days before the trial court
issued its first auditor order.  In that order, the trial courts states that it
Aha[d] announced to the parties@ that it intended to appoint an
auditor.  Therefore, the trial court intended to and did appoint an auditor
before relevant discovery responses were due.  See Owens-Corning Fiberglas
Corp. v. Caldwell, 830 S.W.2d 622, 626 (Tex. App.CHouston [1st Dist.] 1991, orig.
proceeding) (concluding that an order giving blanket authority to a master to
require a party to produce evidence regardless of whether an opposing party had
requested such evidence allowed the master to become an advocate in proceeding,
and not merely a referee). 








Coastal Nejapa objected to Crystal Power=s requests for production on several
grounds, and there is nothing in the record to show that Crystal Power sought
to compel further responses.  Thus, Crystal Power has not shown that it cannot
obtain the information it seeks through discovery.  See Simpson, 806
S.W.2d at 812 (explaining that absent a showing that the future conduct of
discovery will justify supervision by a master rather than the court, Athe parties have simply been ordered
to pay by the hour for resolution of the same kinds of issues by a master that
litigants in other cases can obtain from the court without such expense@).  Moreover, the parties agree that
the facts of this case are not inordinately complex.  Here, Crystal Power has
asserted against Coastal Nejapa only claims for declaratory judgment, breach of
contract, and fraud, and of the six defendants, only Coastal Nejapa is directly
subject to the amended auditor order.  Cf. id. at 811 (holding that a
toxic-tort case involving one plaintiff, eighteen defendants, and allegations
that chemicals in the defendants= products caused lung cancer was not
an exceptional case warranting appointment of a master).  Furthermore, the mere
presence of Aforeign entities@ and a Anon-party@ parent company that exercises control over a related entity
is not so unusual as to necessitate the appointment of a master in chancery or
an auditor.[8]  

                                                            V.  Conclusion

In light of the availability of discovery and the relatively
straightforward nature of the claims, we hold that this is not an Aexceptional case@ in which the appointment of a master
in chancery is appropriate or the appointment of an auditor is Anecessary for the purpose of justice
between the parties.@  We therefore conclude that the trial court abused its
discretion by appointing a master in chancery or an auditor and that Coastal
Nejapa does not have an adequate remedy by appeal.  See id. at 812
(holding that to require parties to reserve for appeal their complaint
regarding the erroneous appointment of a master in chancery would be to deny
any effective relief from the trial court=s order).  Thus, we conditionally
grant the petition for a writ of mandamus and direct the trial court to vacate
its February 10, 2009 amended order appointing an auditor.  The writ will issue
only if the trial court fails to act in accordance with this opinion. 

 

 

/s/        Eva M. Guzman

Justice

 

Panel consists of Justices
Anderson, Seymore, and Guzman.









[1]    Certain Coastal Nejapa shares owned by Crystal
Power are encumbered by collateral agreements with Banco Agricola, Banco
Salvadoreno, and Banco G&T Continental El Salvador S.A. (the AEl Salvador Banks@). 
Those collateral agreements require Coastal Nejapa to pay Crystal Power=s portion of the Coastal Nejapa distributions to the
El Salvador Banks.  The additional shares were not encumbered by the collateral
agreements.  





[2]    Tex. R. Civ.
P. 171.  





[3]    Coastal Nejapa also asserts that the trial court
abused its discretion by appointing an auditor because it requires an
investigation of distribution matters that are the subject of an interpleader
action in New York.  However, the New York interpleader action has settled. 
Therefore, this contention is moot and we need not address it.  





[4]    See Furrh v. Furrh, 251 S.W.2d 927, 932
(Tex. Civ. App.CTexarkana 1952, writ ref=d n.r.e.) (A[The] above quoted directive of his authority did not
authorize [the auditor] to assume the powers of a master in chancery as
enumerated in Rule 171, T.R.C.P.@). 






[5]  Rule 171 provides, in relevant part:

The court may, in exceptional
cases, for good cause appoint a master in chancery, . . . who shall perform all
of the duties required of him by the court, and shall be under orders of the
court, and have such power as the master in chancery has in a court of equity.

 

Tex.
R. Civ. P. 171. 





[6]    Rule 172 provides, in relevant part, that A[w]hen an investigation of accounts or examination of
vouchers appears necessary for the purpose of justice between the parties to
any suit, the court shall appoint an auditor or auditors to state the accounts
between the parties and to make report thereof to the court as soon as possible.@  Tex. R. Civ.
P. 172.  





[7]    In a November 10, 2008 letter to the trial judge
presiding over a New York action involving the division of distributions on
Coastal Nejapa shares between Crystal Power and its creditor banks, the trial
court stated that Athe large discrepancy [between these two figures]
troubles me.@ 





[8]    Because we conclude that the circumstances of this
case do not warrant the appointment of a master in chancery or an auditor, we
need not address Coastal Nejapa=s contentions
that the appointment of the auditor relieves Crystal Power of its burden to
prove its entitlement to the relief it seeks, the auditor was improperly
granted the authority to investigate nonparties, or the appointment of the
auditor imposes a financial hardship on Coastal Nejapa.